USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7-24-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SANDRA ETIENNE,

                       Plaintiff,     :    1:18-cv-05168 (ALC)

       -against-     :    <u>ORDER & OPINION</u>

BARCLAYS BANK,

                      Defendant.

---------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Sandra Etienne ("Plaintiff") brings this action against her former employer Defendant Barclays Services Corp. ("Barclays" or "Defendant") alleging discrimination and retaliation claims related to her employment and termination. Barclays now moves the Court to Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"). Plaintiff does not oppose Defendant's motion. In addition, Plaintiff asks the Court to stay the case pending the outcome of arbitration. The motion to compel arbitration is granted and this case is stayed pending arbitration.

## BACKGROUND

**I.    Factual Background[1]**

**A. Plaintiff's Employment Agreement**

Plaintiff signed an offer letter dated August 19, 2014, detailing the terms and conditions of her employment with Barclays (the "Employment Agreement"). *See* Declaration of Faye

---

[1] The following factual background is drawn from Plaintiff's Amended Complaint ("Compl.", ECF No.2) and the parties' submissions in support of and in opposition to the pending motion.

1

McLaughlin-Lagares In Support of Defendant's Motion to Compel Arbitration ("McLaughlin-Lagares Decl."), at ¶¶ 2-3 and Ex. A. Specifically, the Employment Agreement provided:

> Agreement to Arbitrate Employment Disputes: You and Barclays mutually agree that any dispute or controversy arising under or in connection with your employment, including any dispute regarding your compensation or the termination of your employment or any dispute arising under any contract of employment, shall be settled on an individual basis by arbitration before FINRA, in accordance with its rules as then in effect... This Arbitration Agreement applies to, but is not limited to, any and all claims arising under any federal, state or municipal discrimination... fair employment practices law, statute, or regulation, or under common law.

See McLaughlin-Lagares Decl., Ex. A at p. 3. The Employment Agreement also provided that, "[t]o accept, please sign and date this letter in the space provided below." *Id.* at p. 5.

## II. Procedural Background

Plaintiff filed her Complaint on June 8, 2018 (ECF No. 2) and Amended Complaint on September 12, 2018 (ECF No. 15) alleging claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the New York State Human Rights Law and the New York City Human Rights Law. On September 28, 2018 Defendant moved the Court to compel Plaintiff to submit her claims to arbitration pursuant to the FAA and the Employment Agreement. ECF No. 17.[2] In Plaintiff's response, she noted that she does not oppose Defendant's motion; however, she moved to stay the action pending the resolved arbitration. ECF No. 25.

## LEGAL STANDARD

The FAA provides that "'[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of [the] contract ... shall be valid, irrevocable, and enforceable.'" *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 228 (2d Cir. 2016) (quoting 9

---

[2] Defendant claims that by signing and agreeing to its terms, Plaintiff "accept[ed] th[e] offer of employment with Barclays on the terms and conditions stated [in her employment agreement]." ECF No. 18.

2

U.S.C. § 2). Congress declared, and the Supreme Court routinely upholds, "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531, 202 L. Ed. 2d 480 (2019); *Lamps Plus, Inc. v. Varela*, No. 17-988, 2019 WL 1780275, at *5 (U.S. Apr. 24, 2019).

If the existence of the arbitration agreement itself it not at issue and the dispute is within the scope of the arbitration agreement, courts must "direct[] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.A. § 4; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Second Circuit courts must determine: 1) whether the parties agreed to arbitrate; 2) whether the claim falls within the scope of the agreement; and 3) if federal statutory claims are asserted, whether Congress intended those claims to be non-arbitrable. *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75-76 (2d Cir. 1998)); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626-28 (1985).

## DISCUSSION

Defendant argues that the Court should compel arbitration because Plaintiff signed an Employment Agreement containing a valid arbitration provision encompassing her claims. Thus, the Court must determine: (1) whether Plaintiff entered into a valid arbitration agreement; (2) whether the dispute is within the scope of that arbitration agreement; and (3) whether her discrimination claims are arbitrable. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011); *Kutluca v. PQ New York Inc.*, 266 F. Supp. 3d 691, 699 (S.D.N.Y. 2017).

### I. Plaintiff Entered a Valid Arbitration Agreement

Plaintiff agreed to the express terms and conditions of her Employment Agreement. The agreement required her to submit all employment related disputes to arbitration before FINRA. Plaintiff signed and presumably understood these terms. Accordingly, Plaintiff entered into a valid enforceable arbitration agreement.

Courts consistently compel arbitration of employment claims pursuant to valid arbitration agreements in offer letters. *See e.g., DeBono v. Washington Mut. Bank*, No. 05 CIV.10333 DC, 2006 WL 3538938, at *3 (S.D.N.Y. Dec. 8, 2006) (compelling arbitration where plaintiff signed offer letter containing arbitration agreement); *Litvinov v. UnitedHealth Grp. Inc.*, No. 13 CIV. 8541 KBF, 2014 WL 1054394, at *2 (S.D.N.Y. Mar. 11, 2014) (compelling arbitration where plaintiff signed offer letter stating that disputes would be subject to mandatory arbitration); *Robinson v. Entertainment One U.S. L.P.*, No 14-cv-1203, 2015 WL 3486119 (S.D.N.Y. June 5, 2015) (dismissing employment discrimination claims in favor of arbitration based upon arbitration agreement); *Hamerslough v. Hipple*, No. 10 Civ. 3056, 2010 WL 4537020 (S.D.N.Y. Nov. 4, 2010) (compelling arbitration of all claims where employee's employment agreement contained a mandatory arbitration clause); *Henry v. Turner Constr. Co.*, No. 09 Civ. 9366, 2010 WL 2399423 (S.D.N.Y. June 14, 2010) (compelling arbitration of plaintiff's discrimination claims based upon plaintiff's acknowledgment of employer's dispute resolution policy).

Courts also look to state contract law to determine if a plaintiff has agreed to arbitrate. *See First Options, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Credit Suisse First Boston Corp. v. Pitofsky*, 4 N.Y.3d 149, 154-55, 824 N.E.2d 929, 791 N.Y.S.2d 489 (N.Y. 2005). Under New York law, "in the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract ... is conclusively presumed to know its contents and to assent to them." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004)

4

(internal quotations omitted). Thus, by acknowledging and accepting the terms of the Employment Agreement, Plaintiff agreed to arbitrate every claim asserted in the Amended Complaint. *DeBono*, 2006 WL 3538938, at *2 (finding valid enforceable contract where plaintiff signed offer letter putting her on notice that binding arbitration agreement was condition of employment).

## II. Plaintiff's Title VII and NYSHRL Claims Are Arbitrable

To determine whether a claim "falls within the scope of the parties' arbitration agreement, [courts] focus on the factual allegations in the complaint rather than the legal causes of action asserted." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987). "If the allegations underlying the claims touch matters covered by the parties' contracts, then those claims must be arbitrated, whatever the legal labels attached to them." *Gallagher v. Pepe Auto Grp.*, No. 18 CV 3433 (VB), 2019 WL 801955, at *4 (S.D.N.Y. Feb. 21, 2019) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d at 172).

Courts must "construe arbitration clauses as broadly as possible." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). "[A] presumption of arbitrability [arises] when the plaintiff has agreed to arbitrate disputes 'arising under' or 'in connection with' an employment agreement." *Gallagher*, 2019 WL 801955, at *4 (quoting *White v. Cantor Fitzgerald, L.P.*, 393 F. App'x 804, 806 (2d Cir. 2010) (summary order). Further, "broad arbitration provisions encompass statutory discrimination claims arising out of a putative employment relationship, even if not explicitly stated in the arbitration clause". *Id*; *see also Arshad v. Transp. Sys., Inc.*, 183 F. Supp. 3d 442, 448 (S.D.N.Y. 2016) (internal citations omitted); *White v. Cantor Fitzgerald, L.P.*, 393 F. App'x at 806 (ruling that the presumption of arbitrability is "rebuttable").

5

Here, the arbitration provision provides that "any dispute or controversy arising under or in connection with your employment, including any dispute regarding...the termination of your employment...shall be settled on an individual basis by arbitration before FINRA." This provision is quite broad. McLaughlin-Lagares Decl., Ex. A at p. 3. The agreement also provides that, "[t]his Arbitration Agreement applies to, but is not limited to, any and all claims arising under any federal, state or municipal discrimination...law." *Id.* Plaintiff alleges Defendant subjected her to a racially discriminatory work environment and terminated her for speaking out against it. Therefore, if not expressly attributable, there is a presumption of arbitrability regarding plaintiff's employment discrimination claims under Title VII and the NYSHRL. Furthermore, Plaintiff has not offered any evidence to rebut the presumption of arbitrability to these claims. Accordingly, the Court compels Plaintiff's claims to arbitration.

### III. Plaintiff's Motion to Stay Proceedings

The Second Circuit recently held that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015); *see also Porcelli v. JetSmarter, Inc.*, 2019 U.S. Dist. LEXIS 94287, at *11 (S.D.N.Y. June 5, 2019). Accordingly, considering Plaintiff's request, the Court stays this case pending arbitration.

### CONCLUSION

For the foregoing reasons, the Court refers Plaintiff's claims to FINRA for arbitration and stays the action pending the outcome. The Court respectfully directs the Clerk of Court to close the motion pending at ECF No. 17.

SO ORDERED.

Dated: July 24, 2019

New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge